UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRADEMARK RIGHTSHOLDER IDENTIFIED IN EXHIBIT 1, | ) ) ) | |
| Plaintiff, | ) ) ) | No. 23 C 16216 |
| v. | ) ) | Judge Sara L. Ellis |
| THE INDIVIDUAL, PARTNERSHIPS, and UNINCORPORATED ASSOCATIONS, IDENTIFIED ON SCHEDULE A, | ) ) ) ) | |
| Defendant. | ) | |

**ORDER**

The Court denies Defendant Syntego Ltd.'s motion to dissolve the preliminary injunction [44]. See Statement.

**STATEMENT**

Plaintiff Zhongui Hong sued a variety of companies, including Defendant Syntego Ltd., for trademark infringement. Hong trademarked "COINS" to refer to coin-shaped hook and loop fastening tape that he alleges Defendants have illegally duplicated and now sell on Amazon. As a result of Defendants' efforts, Hong asserts that his business goodwill and reputation have suffered. On November 30, 2023, this Court granted Hong's motion for a temporary restraining order ("TRO") against Defendants, including Syntego. Doc. 11. On December 11, 2023, Hong moved to convert the TRO into a preliminary injunction, which the Court granted on December 21, 2023, finding that Hong provided notice to Defendants in compliance with the requirements included in the TRO and that Hong had proved a *prima facie* case of trademark infringement. Doc. 26. Syntego then appeared and moved to dissolve the preliminary injunction on January 22, 2024.

As an initial matter, the Court addresses Syntego's argument that the Court improperly issued the preliminary injunction because Syntego did not receive notice of the motion. Rule 65 requires the party requesting a preliminary injunction to provide notice to the opposing party of the motion. Fed. R. Civ. P. 65(a)(1). Rule 4 sets forth the different ways of providing notice, including "by any other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). In the TRO, the Court ordered Hong to provide notice to Defendants by electronically publishing a link to the complaint, the TRO, and other relevant documents on a website and by sending that link to Defendants' email addresses. Doc. 11. Before the Court issued the preliminary injunction, Hong filed a return of summons confirming he complied with the Court's TRO by sending a website link that hosted the published complaint, alias summons,

and other relevant documents to all of Defendants' emails that he had collected from their Amazon pages. Doc. 18. Hong also represented that he served Defendants with the preliminary injunction motion consistent with the Court's order. Doc. 12 at 5. Other courts in trademark infringement cases routinely find service of the preliminary injunction by posting the materials to a website and emailing the link to the defendants sufficient to satisfy the notice requirement of Rule 65. *See Klauber Bros., Inc. v. P'ships & Unincorporated Ass'ns Identified in Schedule "A"*, No. 23 C 10407, 2024 WL 182209, at *1 (N.D. Ill. Jan. 17, 2024) (finding service properly executed where plaintiff sent defendant a link to a website containing the complaint, summons, TRO, motion for the TRO, a declaration supporting the motion for the TRO and the motion to seal and later served notice of the motion for preliminary injunction with accompanying papers via email); *Ouyeinc Ltd. v. Alucy*, No. 20 C 3490, 2021 WL 2633317, at *3 (N.D. Ill. June 25, 2021) (upholding service by email even when the emails bounced back because defendants also received notice from Paypal and eBay informing them that their accounts would be frozen pursuant to an infringement action). Syntego does not assert that its email address on Amazon's website is incorrect, nor does it provide evidence challenging Hong's certification. Therefore, the Court maintains its prior holding that Hong complied with the TRO and also provided reasonable notice of the motion for preliminary injunction to Syntego. *See* Doc. 26. The Court now turns to Syntego's additional arguments.

To obtain a preliminary injunction, a party must show: "(1) its case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) it will suffer irreparable harm if the injunction is not granted." *Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). If the moving party can meet these three conditions, the Court "must consider the irreparable harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied." *Id.* The greater the plaintiff's likelihood of success on the merits, the less the balance of harms needs to weigh in his favor to obtain an injunction. *Abbott Lab'ys v. Mead Johnson & Co.,* 971 F.2d 6, 12 n.3 (7th Cir. 1992). Finally, the Court considers the public interest in the injunction. *Ty Inc.*, 237 F.3d at 895.

Syntego does not fully develop its arguments challenging the likelihood that Hong would succeed on the merits.[1] Instead, Syntego argues that Hong failed to show an inadequate remedy at law because he did not present specific instances of lost sales attributable to Syntego. In so arguing, Syntego relies on *East St. Louis Laborers' Local 100 v. Bellon Wrecking & Salvage Co.*, which holds that a party cannot receive an injunction for speculative future harms. 414 F. 3d 700 (7th Cir. 2005). However, Syntego's arguments rely on the conclusion that Hong's only injury arises from the damages caused by lost sales. But trademark cases consider other harms,

---

[1] Syntego appears to raise the fair use defense as a possible basis for dissolving the preliminary injunction. "To prevail on the fair use defense, [Syntego] must show that: (1) they used ["COINS"] in a non-trademark use; (2) the phrase is descriptive of their goods or services; and (3) they used the phrase 'fairly and in good faith' only to describe their goods or services." *Packman v. Chicago Trib. Co.*, 267 F.3d 628, 639 (7th Cir. 2001). Here, however, Syntego did not cite any cases nor present any evidence to support its fair use defense. Because Syntego fails to fully develop this argument, the Court considers it waived. *See Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority.").

2

including harm to the plaintiff's reputation and the brand's goodwill. *See Coach, Inc. v. The P'ships & Unincorporated Ass'ns Identified on Schedule "A,"* No. 13 C 6618, 2013 WL 5477573, at *3 (N.D. Ill. Oct. 1, 2013) ("This shows a threat of irreparable harm to the reputation and goodwill Coach has developed with respect to its brand. This risks diluting the mark and undermining the many years that Coach has spent 'nurturing its business.'"). Hong sufficiently alleged harm to the brand's reputation and goodwill to support the issuance of a preliminary injunction. *See* Doc. 1 ¶¶ 16, 18, 39.

Syntego next asserts that Hong cannot show irreparable harm. "[I]t is well settled that injuries arising from Lanham Act violations are presumed to be irreparable, even if the plaintiff fails to demonstrate a business loss." *Promatek Indus., Ltd. v. Equitrac Corp.*, 300 F.3d 808, 813 (7th Cir. 2002). "This presumption of irreparable harm to the plaintiff in trademark infringement actions arises because 'it is virtually impossible to ascertain the precise economic consequences of intangible harms, such as damage to reputation and loss of goodwill, caused by such violations.'" *Lettuce Entertain You Enters., Inc. v. Leila Sophia AR, LLC*, 703 F. Supp. 2d 777, 790 (N.D. Ill. 2010) (citing *Abbott*, 971 F.2d at 16). A defendant can rebut this presumption by showing that the plaintiff unreasonably delayed in seeking preliminary injunctive relief. *See Ty*, 237 F.3d at 903; *Life After Hate, Inc. v. Free Radicals Project, Inc.*, 410 F. Supp. 3d 891, 909 (N.D. Ill. 2019) (noting that "a lengthy, *unexplained* delay in seeking relief calls into question 'how urgent the need for [preliminary] equitable relief really is"). However, beyond noting that Hong received the trademark five years ago and that "it could be reasonably argued that the time passed without action constitutes acquiescence from the plaintiff," *see* Doc. 44 at 2, Syntego does not argue that Hong's delay in seeking a preliminary injunction was unreasonable. Nor does Syntego present any other evidence to challenge the presumption of irreparable harm. As such, the Court finds that the presumption of irreparable harm favors maintaining the preliminary injunction.

Syntego further argues that the balance of harms tilts in its favor because the preliminary injunction froze all Syntego's assets, including from those products not at issue in this lawsuit. The Court has largely addressed Syntego's arguments relating to the asset restraint by issuing the revised asset restraint order on March 6, 2024, which the parties negotiated while this motion was pending. *See* Doc. 77. The new asset restraint order lifted the restraints previously placed on Syntego's accounts, except for $1,502.76 of the funds which Syntego and Hong agreed remain at issue in this suit. *Id.* Having resolved that concern, the Court does not find the balance of harms favors Syntego.

Syntego argues that the preliminary injunction does not serve the public interest because competition and fair play are values of interest to the public. While "trademark protection should not interfere with the traditional policies of a competitive market," the enforcement of trademark law "serves the public interest by reducing consumer confusion." *Lettuce Entertain You*, 703 F. Supp. 2d at 791 (citation omitted). Further, "the public also has an interest in ensuring that those whose trademark registrations are reviewed and approved by the USPTO receive the protection that registration confers." *Zhang v. UAB Ekomlita*, No. 1:22-CV-05057, 2023 WL 2867798, at *13 (N.D. Ill. Apr. 10, 2023). Here, Hong received a trademark for the term "COINS," and the public maintains an interest in ensuring the trademark is enforced.

Therefore, the Court finds that the public interest is served by the entry of the preliminary injunction.

Finally, Syntego requests that the Court increase Hong's bond to $100,000 if it does not dissolve the injunction. The Court declines to do so because Syntego fails to provide evidence that its estimated costs would exceed $10,000, the amount of the current bond. *Cf. Dent Drs., Inc. v. Dent Clinic, Inc.*, No. 14-CV-1112, 2015 WL 150430, at *1 (E.D. Wis. Jan. 12, 2015) (increasing the bond when defendant submitted a declaration that detailed its estimated loss of revenue per month).

For the foregoing reasons, the Court denies Syntego's motion to dissolve the preliminary injunction.

Dated: April 2, 2024 /s/ Sara L. Ellis_____