UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRADEMARK RIGHTSHOLDER IDENTIFIED IN EXHIBIT 1, ) ) ) Plaintiff, ) ) v. ) ) THE INDIVIDUAL, PARTNERSHIPS, and ) UNINCORPORATED ASSOCATIONS, ) IDENTIFIED ON SCHEDULE A, ) ) Defendants. ) | No. 23 C 16216 Judge Sara L. Ellis |

**ORDER**

The Court denies Defendants Oilmaiy and TecUnite's motion to challenge the preliminary injunction [59] as moot. The Court enters the parties' agreed modified asset restraint order. The Court also denies Defendant Syntego Ltd.'s emergency motion to dismiss [73]. See Statement.

**STATEMENT**

Plaintiff Zhongui Hong sued a variety of companies, including Defendants Oilmaiy, TecUnite, and Syntego Ltd., for trademark infringement. Hong trademarked "COINS" to refer to coin-shaped hook and loop fastening tape that he alleges Defendants have illegally duplicated and now sell on Amazon. Because of Defendants' efforts, Hong asserts that his business' goodwill and reputation have suffered. On November 30, 2023, this Court granted Hong's motion for a temporary restraining order ("TRO") against Defendants, including Syntego. Doc. 11. A month later, after finding that Hong provided notice to Defendants in compliance with the requirements included in the TRO and that Hong had proved a *prima facie* case of trademark infringement, the Court granted Hong's motion to convert the TRO into a preliminary injunction. Doc. 26. Syntego moved to dissolve the preliminary injunction, which the Court denied on April 2, 2024. Doc. 80. The Court now has before it two motions: (1) Syntego's motion to dismiss the case, Doc. 73; and (2) Oilmaiy and TecUnite's motion to challenge the preliminary injunction, Doc. 49.

The Court first addresses Oilmaiy and TecUnite's motion to challenge the preliminary injunction. Although titled a challenge to the preliminary injunction, Oilmay and TecUnite solely sought to adjust the amount of the asset restraint, requesting that the Court enjoin only the amount that Oilmaiy and TecUnite recovered as profits from sales of the alleged infringing products. Hong, Oilmaiy, and TecUnite subsequently agreed to a modified asset restraint order,

which the Court now enters, thus mooting Oilmaiy and TecUnite's motion. Accordingly, the Court denies Oilmaiy and TecUnite's motion as moot.

As for Syntego's motion to dismiss, Syntego argues that the Court should dismiss the case because Syntego did not receive notice before the Court entered the TRO and did not receive an opportunity to be heard at an injunction hearing. However, the Court may issue an *ex parte* TRO so long as the moving party provides "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and explains why notice to the defendant need not be required. Fed. R. Civ. P. 65(b). Here, the Court found that Hong sufficiently met both requirements, *see* Doc. 11, so Hong did not need to provide notice to Syntego prior to the Court's issuance of the TRO. Fed. R. Civ. P. 65(b).

Syntego also argues that it cannot be liable for trademark infringement because it sold the alleged counterfeited product for two years before Hong received the "COINS" trademark. Prior and continuous use is an affirmative defense to alleged trademark infringers, but only in the geographic area in which such continuous prior use occurred. *S.C. Johnson & Son, Inc. v. Nutraceutical Corp.*, 835 F.3d 660, 666 (7th Cir. 2016). However, "[t]he mere presence of a potential affirmative defense does not render the claim for relief invalid." *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016) (citing *Brownmark Films, LLC v. Comedy Partners,* 682 F.3d 687, 690 (7th Cir.2012)). Indeed, dismissing a claim based on an affirmative defense "is appropriate *only* when the factual allegations in the complaint unambiguously establish all the elements of the defense." *Id.* This is because "a plaintiff ordinarily need not anticipate and attempt to plead around affirmative defenses." *Id.* Here, because Hong's complaint does not establish all the elements of a prior use defense on its face, the Court denies Syntego's motion to dismiss. *See id.* at 941 ("Because the allegations in the complaint do not unambiguously establish everything necessary for the affirmative defense of acquiescence, it was error to dismiss the case under Rule 12(b)(6)."); *Zhang v. UAB Ekomlita*, No. 1:22-CV-05057, 2023 WL 2867798, at *4 (N.D. Ill. Apr. 10, 2023) ("Affirmative defenses may only be raised in a Rule 12(b)(6) motion if the facts required to support the defense appear on "the face of the complaint.").

For the foregoing reasons, the Court denies Oilmaiy and TecUnite's motion to challenge the preliminary injunction as moot and denies Syntego's emergency motion to dismiss.

Dated: May 15, 2024 /s/  Sara L. Ellis

2