UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRADEMARK RIGHTSHOLDER IDENTIFIED IN EXHIBIT 1, | ) ) ) | |
| Plaintiff, | ) ) ) | No. 23 C 16216 |
| v. | ) ) | Judge Sara L. Ellis |
| THE INDIVIDUAL, PARTNERSHIPS, and UNINCORPORATED ASSOCATIONS, IDENTIFIED ON SCHEDULE A, | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

The Court denies Defendants TecUnite and Oilmaiy's motion to dismiss [89]. See Statement.

**STATEMENT**

Plaintiff Zhongui Hong registered the mark, "Coins," with the U.S. Patent and Trademark Office (the "PTO") on April 18, 2017. As described in the registration, "Coins" refers to a coin-shaped hook and loop fastening tape. Doc. 6-1. On November 24, 2023, Hong sued Defendants, including TecUnite and Oilmaiy, for violating its trademark by using "Coins" in the titles of the products they sell on Amazon. On November 30, 2023, this Court granted Hong's motion for a temporary restraining order ("TRO") against Defendants. Doc. 11. A month later, after finding that Hong provided notice to Defendants in compliance with the requirements included in the TRO and that Hong had proved a prima facie case of trademark infringement, the Court granted Hong's motion to convert the TRO into a preliminary injunction. Doc. 26. TecUnite and Oilmaiy challenged the preliminary injunction, which the Court denied on May 15, 2024. Doc. 85. TecUnite and Oilmaiy now move to dismiss under Rule 12(b)(6).

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chi.*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

   TecUnite and Oilmaiy first argue that the Court should dismiss Hong's complaint because the word "Coins" is generic. TecUnite and Oilmaiy correctly note that "a generic or common descriptive term can never function as a trademark." *Liquid Controls Corp. v. Liquid Control Corp.*, 802 F.2d 934, 935 (7th Cir. 1986). This is because a "generic term is one that is commonly used and does not identify any particular source [of a product]." *Platinum Home Mortg. Corp. v. Platinum Fin. Grp., Inc.*, 149 F.3d 722, 727 (7th Cir. 1998). That said, "[w]hether a term is generic or can be trademarked is a question of fact" not suited for review at the motion to dismiss stage. *Thomas & Betts Corp. v. Panduit Corp.*, 138 F.3d 277, 300 (7th Cir. 1998), *overruled on other grounds*, *Traffix Devices v. Mktg. Displays*, 532 U.S. 23 164 (2001). Generally, "[a]nalyzing the 'generic'-ness of a word or phrase requires the Court to examine evidence outside the pleadings, which is improper when considering a 12(b)(6) motion to dismiss." *Educ. Tours, Inc. v. Hemisphere Travel, Inc.*, No. 04 C 0559, 2004 WL 887417, at *2 (N.D. Ill. Apr. 26, 2004) (quoting *Hot Wax, Inc. v. Grace-Lee Prods., Inc.*, No. 97 C 6882, 1998 WL 664945, at *3 (N.D. Ill. Sept.15, 1998)); *see also Hickory Farms, Inc. v. Snackmasters, Inc.*, 500 F. Supp. 2d 789, 794 (N.D. Ill. 2007) (recognizing that on summary judgment, the Court "can consider several factors when determining whether a mark is generic, including competitors' use, plaintiff's use, dictionary definitions, media usage, testimony of persons in the trade, and consumer surveys."). Here, TecUnite and Oilmaiy rely on extrinsic evidence, specifically a screen shot of another company using "Coins" in the title of their product, to argue that "Coins" is a generic term. *Educ. Tours*, 2004 WL 887417, at *2 (rejecting Defendants' argument in their Rule 12(b)(6) motion to dismiss that the trademarked term is generic where the "Defendants' use of the search results of the phrase 'Educational Tours' on *www.google.com*" because it was extrinsic evidence not included in the complaint). While the Court may consider evidence not included in the plaintiff's complaint at the motion to dismiss stage without converting the motion into one for summary judgment where the evidence is "referred to in the plaintiff's complaint and [is] central to his claim," *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012), nothing in the complaint refers to the product referenced in the exhibit that TecUnite and Oilmaiy attach to their reply brief. The Court therefore does not find it appropriate to consider such evidence at this stage. Because the question of whether "Coins" is generic is a question of fact and the only arguments TecUnite and Oilmaiy raise require the Court to look beyond the pleadings, the Court finds it inappropriate to grant the motion to dismiss on this ground at this stage.[1] *Am. Taxi Dispatch v. Am. Metro Taxi*, No. 07 C

---

[1] The parties also dispute who carries the burden of proof with respect to the issue of whether a term is generic. While this issue does not influence the Court's decision here given the Court's decision that the question of whether "Coins" is generic is a question of fact not suited for the motion to dismiss stage, the Court clarifies that the burden rests with TecUnite and Oilmaiy. Under the Latham Act, a registered trademark receives two presumptions: that it is "not merely descriptive or generic," or if it is descriptive, "the mark is accorded secondary meaning." *Packman v. Chi. Trib. Co.*, 267 F.3d 628, 638 (7th Cir. 2001). Therefore, evidence that a trademark is registered is "prima facie evidence that [a trademark] is not a generic term." *Liquid Controls*, 802 F.2d at 936 (7th Cir. 1986) (citing 15

2602, 2007 WL 9815900, at *3 (N.D. Ill. Aug. 3, 2007) (rejecting defendants' argument that competitors also use the term "taxi" and therefore it is generic because it is a question of fact and "not appropriate at this procedural posture" (citing *Packman*, 267 F.3d at 637)).

TecUnite and Oilmaiy also seek dismissal pursuant to the fair use defense. *See* 15 U.S.C. § 1115(b). The fair use defense is an affirmative defense that "allows individuals to use otherwise trademarked language in a descriptive sense." *SportFuel, Inc. v. PepsiCo, Inc.*, 932 F.3d 589, 595 (7th Cir. 2019). To prevail on the fair use defense, TecUnite and Oilmaiy must show that: (1) they used "Coins" in a non-trademark use; (2) the phrase is descriptive of their goods or services; and (3) they used the phrase "fairly and in good faith" only to describe their goods or services. *See Packman*, 267 F.3d at 639. Like the determination of whether "Coins" is generic, whether the fair use defense applies involves fact-intensive determinations inappropriate for the motion to dismiss stage. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (emphasizing that the fair use defense "typically turn[s] on facts not before the court at [the motion to dismiss] stage in the proceedings"); *Dillinger, LLC v. Elec. Arts Inc.*, 795 F. Supp. 2d 829, 838 (S.D. Ind. 2011) ("A defendant's 'non-trademark use' is an element of the fair-use affirmative defense, the lack of which doesn't necessarily preclude establishing the plaintiff's prima facie case."); *DeVry Inc. v. Univ. of Med. & Health Scis.-St. Kitts*, No. 08 C 3280, 2009 WL 260950, at *4 (N.D. Ill. Feb. 3, 2009) ("However, whether a specific use is 'otherwise than as a mark' is a fact specific determination that the Court is not prepared to make at this early stage in litigation."). This is because "a plaintiff is not required to negate an affirmative defense in his complaint." *KJ Korea, Inc. v. Health Korea, Inc.*, 66 F. Supp. 3d 1005, 1018 (N.D. Ill. 2014) (declining to dismiss amended complaint based on the fair use defense); *Mon Aimee Chocolat, Inc. v. Tushiya LLC*, No. 15 C 4235, 2015 WL 6407758, at *7 (N.D. Ill. Oct. 22, 2015) (same). Indeed, dismissing a claim based on an affirmative defense "is appropriate *only* when the factual allegations in the complaint unambiguously establish all the elements of the defense." *S.C. Johnson & Son, Inc. v. Nutraceutical Corp.*, 835 F.3d 660, 666 (7th Cir. 2016). Because Hong has not pleaded himself out of court by alleging the factors underlying the fair use defense, the Court denies the motion to dismiss. *See id.* at 941 ("Because the allegations in the complaint do not unambiguously establish everything necessary for the affirmative defense of acquiescence, it was error to dismiss the case under Rule 12(b)(6)."); *Zhang v. UAB Ekomlita*, No. 22 C 5057, 2023 WL 2867798, at *4 (N.D. Ill. Apr. 10, 2023) ("Affirmative defenses may only be raised in a Rule 12(b)(6) motion if the facts required to support the defense appear on 'the face of the complaint.'").

For the foregoing reasons, the Court denies TecUnite and Oilmaiy's motion to dismiss.

Dated: October 2, 2024                                          /s/   Sara L. Ellis

---

U.S.C. § 1115(a)). Because Hong asserts that "Coins" is a registered trademark, the presumption that "Coins" is not generic applies. While defendants may ultimately overcome the presumption that "Coins" is not generic, they will have the burden to do so by providing evidence "that the mark is merely generic or descriptive, or that it lacks secondary meaning." *Id.* at 639; *see also Facebook, Inc. v. Teachbook.com LLC*, 819 F. Supp. 2d 764, 776 (N.D. Ill. 2011) ("The defendant may overcome this presumption with proof of descriptiveness or genericness, but the burden is on the defendant to make such a showing.").